36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald Richard MAGHE, Plaintiff-Appellant,
v.
Michael CARR; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-7125.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Donald R. Maghe appeals the dismissal of his petition for a writ of habeas corpus filed in the U.S. District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. 2254. Appellant's petition was dismissed by the District Court on December 13, 1993, as an abuse of the writ, in accordance with Rule 9(b) of the Rules Governing 2254 Cases. We exercise jurisdiction under 28 U.S.C. 2253 and affirm the district court's dismissal of appellant's petition for habeas relief.
 
 
 3
 On April 20, 1979, appellant was convicted by a jury of Murder in the First Degree in Oklahoma District Court. Appellant was sentenced to life imprisonment on May 18, 1979. He appealed his conviction to the Oklahoma Court of Criminal Appeals. On November 14, 1980, the Court affirmed appellant's conviction in Maghe v. State, 620 P.2d 433 (Okla.Crim.App.1980).
 
 
 4
 Thereafter, appellant filed four state post-conviction relief applications pro se, all of which were denied and none of which were published. Appellant also filed, pro se, a petition for federal writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma. The petition was dismissed on its merits on July 23, 1990.
 
 
 5
 On June 7, 1993, appellant filed this, his second, petition for a writ of habeas corpus in the Eastern District of Oklahoma, asserting claims (challenging the statutory validity and propriety of the jury instructions at trial concerning homicide and insanity) which were not raised in his earlier petition. In McCleskey v. Zant, 111 S.Ct. 1454 (1991), the Supreme Court held that when a prisoner files a second or subsequent application for a writ of habeas corpus the government alleging abuse of the writ must meet its initial burden by noting the petitioner's prior writ history and by identifying claims that appear for the first time. Id. at 1470. The respondent in this case has met that burden.
 
 
 6
 Once the government has met its burden, the onus then falls upon the petitioner to excuse his failure to raise the claim earlier. Petitioner must either show "cause for failure to raise [the claim] and prejudice therefrom," or show "that a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. at 1470. Here, appellant attempts to do both.
 
 
 7
 Appellant asserts that a demonstration of ineffective assistance of direct appeal counsel is sufficient to establish cause and prejudice. However, the burden is on the appellant to excuse his failure to raise the present claim at the time of his first habeas petition. The performance of counsel on direct appeal is not directly relevant here, because said counsel no longer represented the appellant when he filed his petitions for habeas relief. Appellant fails to offer any other grounds that establish cause for failing to raise the argument on his prior petition for habeas relief.
 
 
 8
 Appellant also attempts to fit through the narrow "fundamental miscarriage of justice" window. In order to do so, appellant must make a constitutional claim, supplemented by a "colorable showing of factual innocence." Id. at 1471. Moreover, to show factual innocence one must demonstrate by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have reached the verdict that resulted. Sawyer v. Whitley, 112 S.Ct. 2514, 2517 (1992) (in the context of a capital punishment sentencing verdict). The Supreme Court has also emphasized the "narrow scope" of the fundamental miscarriage of justice exception. Id. at 2519.
 
 
 9
 Although there might have been some merit to the appellant's claim had it been raised at the appropriate time, it would not have risen to the level of showing a fundamental miscarriage of justice. Indeed, on appellant's direct appeal, the Court of Criminal Appeals of Oklahoma reviewed the instructions as a whole and found them sufficiently clear and correct. Maghe, 620 P.2d at 436-37. Although appellant's new contention was not specifically addressed, particular instructions are not to be judged in artificial isolation. Rather, individual instructions must be viewed in the context of the instructions as a whole and the trial record. See Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). The state court's favorable general review of the instructions, combined with the failure of the appellant to make a colorable showing of factual innocence, demonstrate that appellant has not met the requirements for a showing of a fundamental miscarriage of justice.
 
 
 10
 Accordingly, we AFFIRM the district court's decision and DENY appellant's petition for a writ of habeas corpus. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470